UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LAWRENCE VALENTINE,<br><br>　　　　　　　Petitioner,<br>　v.<br>THE STATE OF NEVADA, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:19-cv-00397-MMD-WGC<br><br>ORDER |

Petitioner has initiated this action with the filing of a petition entitled "Relief from a Void Judgment Pursuant to F.R.C.P. 60(b)(4)(6) + (d)(3) and Release from Custody Due to False Imprisonment." (ECF No. 1-1.) The petition will be dismissed without prejudice due to numerous defects.

First, Petitioner has not properly commenced this action by either paying the filing fee or filing a complete pauper application. Under 28 U.S.C. § 1914(a), the filing fee for "any civil action, suit or proceeding . . . whether by original process, removal or otherwise," except for an application for a writ of habeas corpus, is $350.00.

It is doubtful that the instant action could be categorized as a petition for writ of habeas corpus, as it does not invoke the federal habeas statutes and is not on the Court's form for habeas petitions. Moreover, Petitioner has already filed and has pending a petition for habeas corpus relief with respect to the judgment of conviction challenged in this case. *See* Case No. 3:19-cv-164-RCJ-WGC (ECF No. 13 at 1–2).)[1] The filing fee in

---

[1] While it is not immediately apparent on the face of the pleadings that the cases involve the same judgment of conviction, it can be discerned from this and the state court records, of which the Court takes judicial notice. Here, Petitioner seeks review of the state court's decision he challenged the authority of Judge Conrad Hafen over his case. (ECF No. 1-2 at 2, 23); http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=55624 (last visited July 31, 2019). The Justice Court docket reflects that Judge Hafen handled

1

this matter therefore is $350.00. Moreover, the payment of the $350.00 filing fee is subject to the requirements of the Prisoner Litigation Reform Act in 28 U.S.C. § 1915, including the requirement that Petitioner pay the full $350.00 fee in installments even if he currently is not able to pay the entire fee.[2]

Second, this Court does not have jurisdiction over an action brought against the State of Nevada. The state sovereign immunity recognized by the Eleventh Amendment bars suit against the State in federal court, regardless of the relief sought. *See, e.g.*, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984).

Third, this Court does not have appellate jurisdiction over the Supreme Court of Nevada. *See, e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Petitioner here appears to appeal the Nevada Court of Appeals' decision in a petition filed with that court in May 2019. (*See* ECF No. 1-1 at 2); http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=55433 (last visited July 31, 2019). To the extent Petitioner seeks to invoke appellate jurisdiction by the federal district court over the state supreme court, this Court does not have such jurisdiction.

///

---

arraignment and preliminary proceedings before Petitioner was bound over to the district court on March 4, 2015. *See* https://lvjcpa.clarkcountynv.gov/Anonymous/CaseDetail.aspx?CaseID=11525862 (last visited July 31, 2019). It does not appear Judge Hafen was involved in any other of Petitioner's Justice Court proceedings. The Eighth Judicial District Court docket returns only one criminal case in a search of Petitioner's name C-15-304810. *See* https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0 (last visited July 31, 2019). Case No. C-15-304810 was opened on March 5, 2015, following criminal bindover. Petitioner challenges the judgment of conviction in C-15-304810 in Case No. 3:19-cv-164-RCJ. (ECF No. 13 at 1-2.) The Court is therefore reasonably certain the cases involve the same judgment of conviction.

[2]Even if the petition were construed as a habeas petition, Petitioner has not paid the $5.00 filing fee, so it remains subject to dismissal without prejudice for failure to pay the fee or file a complete pauper application.

2

Given the multiple substantial defects presented, the action will be dismissed without prejudice.

It is therefore ordered that this action is dismissed without prejudice. Petitioner must refrain from filing any further documents in this closed case, save and except a motion seeking reconsideration of this order or for relief from judgment in this case.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition on the grounds stated above to be debatable or wrong.

The Clerk of Court is directed to enter final judgment accordingly.

DATED THIS 6th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE